Case 3:07-cv-02874-CRB   Document 1   Filed 06/01/2007   Page 1 of 14

1  William I. Edlund, State Bar No. 25013
   Alyson L. Huber, State Bar No. 202713
2  Duyen T. Nguyen, State Bar No. 225368
   BARTKO, ZANKEL, TARRANT & MILLER
3  A Professional Corporation
   900 Front Street, Suite 300
4  San Francisco, California 94111
   Telephone: (415) 956-1900
5  Facsimile: (415) 956-1152

6  Attorneys for Defendant
   POWER MEDICAL INTERVENTIONS,  E-filing
7  A Delaware corporation

FILED

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

EDL

MYRICK TANTIADO, an individual,

            Plaintiff,

    v.

POWER MEDICAL INTERVENTIONS,
a Delaware corporation, and DOES ONE
through FIFTY, inclusive,

            Defendants.

**DEFENDANT'S NOTICE OF REMOVAL**

C 07 2874

Pursuant to 28 U.S.C. § 1446, Defendant POWER MEDICAL INTERVENTIONS hereby notices the removal of the above-captioned matter from the Superior Court of the State of California, San Francisco County, Civil Action No. CGC-07-462105. In support thereof, POWER MEDICAL INTERVENTIONS states the following:

1.   POWER MEDICAL INTERVENTIONS was served a copy of the summons and the complaint for damages and demand for jury trial in this action on May 2, 2007.

2.   True and correct copies of the summons and complaint for damages and demand for jury trial served on POWER MEDICAL INTERVENTIONS are attached hereto as

-1-

CASE NO. _____

2159.001/328893

**Exhibit 1.** The documents at Exhibit 1 constitute all process, pleadings, and orders served on Defendant POWER MEDICAL INTERVENTIONS in this action.

3. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after POWER MEDICAL INTERVENTIONS first received a copy of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4. This case is removable to the United States District Court based upon diversity jurisdiction, pursuant to 28 U.S.C. § 1441.

5. POWER MEDICAL INTERVENTIONS is incorporated in the State of Delaware with its primary place of business in the Commonwealth of Pennsylvania.

6. Plaintiff Myrick Tantiado is a resident of the County of San Francisco in the State of California.

7. The fictitious defendants named in the complaint as DOES One - Fifty are disregarded for purposes of removal, in accordance with 28 U.S.C. §1441(a).

8. The amount in controversy exceeds $75,000, as Plaintiff has asserted that his claims exceed $83,500.

9. Pursuant to 28 U.S.C. § 1446(d), POWER MEDICAL INTERVENTIONS will promptly file a copy of this notice of removal with the Clerk of the Superior Court, San Francisco County, State of California, and will also serve a copy upon counsel of record.

WHEREFORE, POWER MEDICAL INTERVENTIONS requests that the action now pending against it in the Superior Court for San Francisco County of the State of California, Civil Action No. CGC-07-462105 be removed to this Court.

//
//
//

-2-

CASE NO. _____

2159.001/328893

**EXHIBIT A**

| SUMMONS<br>*(CITACION JUDICIAL)* | ☐ COPY | **SUM-100**<br>FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
POWER MEDICAL INTERVENTIONS, a Pennsylvania Corporation, and Does One through Fifty, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MYRICK TANTIADO, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94109

CASE NUMBER:
*(Número del Caso):* CGC-07-462105

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen Henry, Mosley & Gearinger LLP
825 Van Ness Avenue, 4th Floor, San Francisco, CA 94705 (415) 440-3102

DATE: APR 6 2007       GORDON PARK-LI       CRISTINA E. BAUTISTA, Deputy
*(Fecha)*              *(Secretario)*       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

| | | | CM-010 |
|---|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Stephen F. Henry SBN 142336<br>Mosley & Gearinger LLP<br>825 Van Ness Avenue, 4th Floor, San Francisco, CA 94109<br>TELEPHONE NO.: (415) 440-3102   FAX NO.: (415) 440-3103<br>ATTORNEY FOR *(Name):* | COPY | | FOR COURT USE ONLY<br>ENDORSED<br>FILED<br>San Francisco County Superior Court<br>APR 6 2007<br>GORDON PARK-LI, Clerk<br>BY: ___CRISTINA E. BAUTISTA___<br>                    Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94109<br>BRANCH NAME: | | | |
| CASE NAME:<br>Myrick Tantiado v. Power Medical Interventions | | | |
| **CIVIL CASE COVER SHEET**<br>☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | **Complex Case Designation**<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CASE NUMBER:<br><br>JUDGE: 07-- 462 10<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Mass tort (40) |
| ☐ Product liability (24) | **Real Property** | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☑ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 28, 2007
Stephen F. Henry
              (TYPE OR PRINT NAME)                                    ▶ _____
                                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

CASE NUMBER: CGC-07-462105  MYRICK TANTIADO VS. POWER MEDICAL INTERVENTAT

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

    **DATE:**    **SEP-07-2007**

    **TIME:**    **9:00AM**

    **PLACE:**  **Department 212**
                 **400 McAllister Street**
                 **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

M&G

☐ COPY

ENDORSED
F I L E D
San Francisco County Superior Court

APR 6 2007

GORDON PARK-LI, Clerk
CASE MANAGEMENT CONFERENCE SET
                                    Deputy Clerk

SEP 7 - 2007 -9:00 AM

DEPARTMENT 212

**MOSLEY & GEARINGER LLP**
825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

MARK L. MOSLEY (State Bar # 136449)
STEPHEN HENRY (State Bar # 142336)

Attorneys for Plaintiff MYRICK TANTIADO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| MYRICK TANTIADO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>POWER MEDICAL INTERVENTIONS, a Pennsylvania corporation, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. CGC-07- 462105<br><br>**PLAINTIFF MYRICK TANTIADO'S COMPLAINT FOR DAMAGES FOR**<br>1. **Wrongful Termination In Violation of Public Policy;**<br>2. **Violation of Labor Code**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff Myrick Tantiado ("Plaintiff"), for causes of action against Defendant Power Medical Interventions, and Does One through Fifty, inclusive, alleges in this Complaint for Damages ("Complaint") as follows:

**THE PARTIES**

1. Plaintiff is and at all relevant times to this litigation has been a resident of the County of San Francisco.

2. Defendant Power Medical Interventions, Inc. ("Defendant") is a corporation organized and existing pursuant to the laws of the State of Pennsylvania.

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued in this litigation as Does One through Fifty, inclusive and, as a result, sues these Defendants by these

COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND    1    SAN FRANCISCO SUPERIOR CT. CASE NO.

1 | fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of
2 | these Defendants once they have been ascertained. Plaintiff is informed and believes and
3 | thereupon alleges that each of the fictitiously named Defendants is in some manner responsible
4 | for the injuries and damages to Plaintiff alleged in this litigation.
5 |     4. Plaintiff is informed and believes and thereupon alleges that at all times relevant
6 | to this litigation, Defendants, and each of them, were the agents, servants, and employees of their
7 | co-Defendants, and that these Defendants, in doing the things mentioned in this Complaint, were
8 | acting within the course and scope of their authority as such agents, servants, and employees, and
9 | were acting with the permission and consent of their codefendants.

## JURISDICTION AND VENUE

5. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Jurisdiction over the Defendants, and each of them, exists because the Defendant entity named in this litigation sells products within the jurisdictional limits of the County of San Francisco and the State of California. Subject matter jurisdiction within the Unlimited Division of the Superior Court exists because the amount in dispute exceeds $25,000.

7. Venue is proper because the employment relationship between Plaintiff and Defendants, and each of them, that gave rise to some of the claims in this litigation existed within this judicial district and most or all of the acts and omissions complained of in this litigation took place here. Venue is also proper because most or all of the acts and omissions that occurred outside of the above employment relationship and are complained of in this litigation took place within this judicial district.

## FACTUAL ALLEGATIONS

8. Defendant wrongfully terminated Mr. Tantiado for complaining about the dangerous misuse of Defendant's SurgAssist product in an effort to silence his concerns and avoid an investigation by the Food and Drug Administration into Defendant's improper sale of a product for a purpose that it was not appropriate to be used for.

COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND     2     SAN FRANCISCO SUPERIOR CT .CASE NO.

9.  Plaintiff's complaints regarding the integrity of the SurgAssist Computer Powered Stapling System pertained specifically to the Circular Stapling line such as the Circular Stapling Unit, 25mm (CS25) and the Circular Stapling Unit, 29mm (CS29).

10. Plaintiff explained to his superior, Rob Chase (Western Regional Sales Manager), that he did not feel comfortable selling this product given that numerous surgeons had approached him regarding complications to their patients on whom they had performed colectomy procedures with the CS25 and CS29 devices.

11. In failing to heed Plaintiff's warnings, the company violated 21 U.S.C.A. 351(e) and related FDA regulations including 21 CFR 803 and 21 CFR 820 et seq. pertaining to medical devices which are nonconforming or otherwise do not operate in their intended manner.

12. When Defendant terminated Plaintiff, it failed to pay him for his twenty days of accrued but unpaid vacation time and his accrued but unreimbursed out-of-pocket expenses, which he incurred in connection with performing his job responsibilities for the company. Instead, Defendant purported to offset against Plaintiff's expense reimbursement certain amounts that Defendant claimed Plaintiff owed the company for sales commissions it had already paid to Plaintiff for products returned to the company after Plaintiff's departure.

### FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against Defendant Power Medical and Does One through Fifty)**

13. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 12 above.

14. Plaintiff alleges that his termination was wrongful because it was in violation of the public policy of the State of California and the United States in that Plaintiff's termination was in retaliation for Plaintiff's opposing and reporting illegal activity, as described in preceding allegations.

15. Plaintiff further alleges that the termination of Plaintiff by Defendant and Does One through Fifty, and each of them, was in violation of the public policy as expressed in 21 U.S.C.A. 351(e) and related FDA regulations including 21 CFR 803 and 21 CFR 820 et seq.

pertaining to medical devices which are nonconforming or otherwise do not operate in their intended manner.

16. As a direct, foreseeable, and proximate result of wrongful termination of Plaintiff by Defendant and Does One through Fifty, and each of them, in violation of the public policy of the State of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage, the precise amount of which will be proven at trial.

17. Because the acts taken toward Plaintiff were carried out by, condoned by and or ratified by managerial employees or managing agents acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendant and Does One through Fifty, and each of them, in an amount appropriate to punish and make an example of Defendant and Does One through Fifty, and each of them.

18. WHEREFORE, Plaintiff demands judgment against Defendant and Does One through Fifty, and each of them, as set forth in this Complaint.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTIONS

**(Against Defendant Power Medical and Does One through Fifty)**

19. Plaintiff incorporates by reference paragraphs 1 to 17 inclusive, of this complaint as if fully set forth.

20. At the time of Plaintiff's termination by Defendant and Does One through Fifty, and each of them, Plaintiff had accrued, unpaid expenses of $4,464, and $2,800 in accrued vacation pay.

21. Pursuant to Labor Code Section 201 and Labor Code Section 2802, at the time Defendant and Does One through Fifty, and each of them, terminated Plaintiff's employment Defendant and Does One through Fifty, and each of them, was obligated to pay Plaintiff wages earned and unpaid. In violation of Labor Code Section 201, Defendant and Does One through Fifty, and each of them, failed to pay Plaintiff any of the amounts of unpaid expenses and

COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND    4    SAN FRANCISCO SUPERIOR CT .CASE NO.

1 vacation pay due and owing Plaintiff. Although Plaintiff has demanded payment, Defendant and Does One through Fifty, and each of them, have refused and continue to refuse to pay Plaintiff the amount due and owing Plaintiff.

22. Since the date of Plaintiff's termination of employment with Defendant and Does One through Fifty, and each of them, Plaintiff has been available and ready to receive the amount of wages due and owing Plaintiff. Plaintiff has not refused to receive any payment, nor has Plaintiff been absent from his regular place of residence.

23. The failure of Defendant and Does One through Fifty, and each of them, to pay Plaintiff the wages due and owing Plaintiff was and has been willful in that Plaintiff has made both verbal and written demand for this payment but Defendant and Does One through Fifty, and each of them, have refused to pay any part of the amount due and owing Plaintiff.

24. The willful failure of Defendant and Does One through Fifty, and each of them, to pay Plaintiff the expenses and wages due and owing Plaintiff constitutes a violation of Labor Code Section 203, which provides that an employee's wages will continue as a penalty until paid up to 30 days from the time the wages were due. Therefore, Plaintiff is entitled to a penalty in the amount of $8,400, which is Plaintiff's wage rate multiplied by 30 days,

25. Pursuant to Labor Code Section 218.5, Plaintiff requests that the Court award Plaintiff reasonable attorney's fees and costs incurred by Plaintiff in this action, as well as interest pursuant to Labor Code Section 218.6.

26. WHEREFORE, Plaintiff demands judgment against Defendant and Does One through Fifty, and each of them, as set forth in this Complaint.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendant and Does One through Fifty, and each of them, as follows:

1. For monetary damages against Defendant and Does One through Fifty, and each of them, in an amount sufficient to compensate Plaintiff for his loss of income, loss of benefits, loss of use, for his emotional distress, and for the injury and damage that Defendant and Does One through Fifty, and each of them, have caused to his name and reputation;

COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND    5    SAN FRANCISCO SUPERIOR CT .CASE NO.

1  2.  For punitive damages against Defendant and Does One through Fifty, and each of
2  them, in an amount sufficient to deter it from engaging in similar misconduct toward other
3  employees, and to make an example of it to others who may otherwise be inclined to engage in
4  such wrongful conduct;
5  3.  For costs of suit incurred herein, including Plaintiff's reasonable attorney's fees,
6  expert witness expenses and fees, and other costs and expenses that he has been forced to incur
7  to prosecute this action under all applicable statutory or contractual bases;
8  4.  For costs of suit incurred herein,
9  5.  For injunctive relief, as the Court may deem proper.
10  6.  For such other, further relief as the Court may deem proper.
11  Dated: April 6, 2007

MOSLEY & GEARINGER LLP

By: /s/ Brian Beaumont for
STEPHEN F. HENRY

Attorneys for Plaintiff MYRICK TANTIADO

COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND   6   SAN FRANCISCO SUPERIOR CT .CASE NO.

Plaintiff Myrick Tantiado demands trial by jury in this action.

Dated: April 6, 2007

MOSLEY & GEARINGER LLP

By: _____ (Brian Deaving for)
STEPHEN F. HENRY

Attorneys for Plaintiff MYRICK TANTIADO

## CERTIFICATE OF SERVICE BY HAND

I, Toby Emerson, the undersigned, hereby certify and declare:

1. I am over the age of 18 years and am not a party to the within cause.

2. My business address is 900 Front Street, Suite 300, San Francisco, California 94111.

3. On June 1, 2007, I served the foregoing document(s) titled exactly:

- **DEFENDANT'S NOTICE OF REMOVAL**

by placing a true and correct copy of said documents in a sealed envelope and causing such envelope to be delivered by hand to the following:

Stephen F. Henry, Esq.
Mosley & Gearinger LLP
825 Van Ness Avenue, 4th Floor
San Francisco, CA 94109-7832

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 1, 2007 at San Francisco, California.

*[signature]*
Toby Emerson

1.