SAN FRANCISCO | 201 Spear Street
Los Angeles | Suite 1000
New York | San Francisco, CA 94105
Redwood City | Telephone (415) 543-4800
San Jose | Facsimile (415) 972-6301
| www.ropers.com



John A. Koeppel
(415) 972-6373

jkoeppel@ropers.com

September 14, 2007

*Via Email Only!*

Stephen F. Henry, Esq.
Mosley & Gearinger LLP
825 Van Ness Avenue, 4th Floor
San Francisco, CA 94109-7837

Michael L. Rosen, Esq.
John Earl Duke, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

William Ivar Edlund, Esq.
Alyson Lewis Huber, Esq.
Bartko Zankel Tarrant & Miller
900 Front Street, Suite 300
San Francisco, CA 94111

  Re: Myrick Tantiado v. Power Medical Interventions
     U.S.D.C., Northern District of California, Case No. C 07-02874 CRB MED

Dear Counsel:

  This will confirm that we have scheduled the mediation in this case for **November 7, 2007.** We will meet at my offices at 201 Spear Street, Suite 1000, San Francisco, California, beginning at **9:30 a.m.** We agreed to keep the whole day available to allow the mediation to continue as long as it is being productive.

  Please make sure that the written statements described in ADR L.R. 6-7 are exchanged and in my office by **November 2, 2007, at 3:00 p.m.** Please include any key documents you feel I should read. If you think it would be helpful to our mediation, I also invite you to submit to me--but not exchange--confidential statements relating, for example, to obstacles to or options for settlement.

  Also, please remember to arrange for your clients' attendance. As we discussed, plaintiff Myrick Tantiado and Mr. Mark Mosely and Mr. Stephen Henry will appear as plaintiff's representatives, and Mr. John Gandolfo will appear as defendant's representative, with Mr. Michael Rosen.

  Please prepare for the mediation by discussing each of the following items with your clients:

   ☐ clients' interests, not just positions, and how these interests could be met;
   ☐ other side's interests, and how these could be met;
   ☐ best and worst alternatives to a negotiated settlement;

RC1/5010089.1/VS2



Re: Myrick Tantiado v. Power Medical Interventions
September 14, 2007                                                   Page 2

- strengths and weaknesses of case; and
- estimated budget to litigate the case through trial.

As we discussed, under ADR L.R. 6-3(b) I will donate my preparation time and the first four hours of the mediation. If the case has not resolved and you all agree to continue, I will charge the court-set rate of $200 per hour for the next four hours. After eight hours of session time, should both sides agree to continue, we can discuss an agreed rate.

I also enclose a copy of the Court's standard confidentiality agreement which I will expect all participants to sign at the outset of the session. Please review this agreement with your clients and contact me right away if you have questions or concerns about this form.

I look forward to working with you and your clients.

Sincerely yours,

John A. Koeppel

JAK:vds
Enclosure

cc:    Clerk's Office- ADR Unit

RC1/5010089 1/VS2

**Alternative Dispute Resolution Program**
**UNITED STATES DISTRICT COURT**
**Northern District of California**

## CONFIDENTIALITY AGREEMENT

Case Name: <u>Myrick Tantiado v. Power Medical Interventions</u>
Case No.: <u>C 07-02874 CRB MED</u>
Session Date: <u>November 7, 2007</u>

  Consistent with ADR L.R. 5-12 and 6-11 governing the confidentiality of ENE and mediation sessions and, to the extent applicable, California Evidence Code Sections 03.5 and 1115-1128, the participants in the ADR session agree that they shall treat as "confidential information" anything that happened or was said in connection with the ADR session. "Confidential information" shall not be disclosed to anyone not involved in the litigation, shall not be disclosed to the assigned judge, and shall not be used for any purpose, including impeachment, in any pending or future proceedings unless all parties and the neutral so agree.

  The parties further agree that evidence admissible or subject to discovery or disclosure shall not be inadmissible or protected from disclosure solely by reason of its introduction or use in this ADR proceeding. Further, disclosure of information which is otherwise privileged shall not alter its privileged character.

  The parties further agree not to subpoena the neutral or any documents submitted to or prepared by the neutral in connection with or during the mediation or ENE sessions. The neutral shall not voluntarily testify on behalf of a party.

  This agreement shall not preclude a report to or an inquiry by the ADR Magistrate Judge pursuant to ADR L.R. 2-4(a) regarding a possible violation of the ADR Local Rules. Nor shall this agreement render inadmissible a written settlement agreement reached as a result of this ADR proceeding in an action to enforce that settlement.

_____     _____
Mediator                                                            Date

_____     _____
Plaintiff                                                              Plaintiff's Attorney

_____     _____
Plaintiff                                                              Plaintiff's Attorney

RC1/5010097.1/VS2

_____        _____
Plaintiff                             Plaintiff's Attorney


_____        _____
Defendant                             Defendant's Attorney


_____        _____
Defendant                             Defendant's Attorney


_____        _____
Defendant                             Defendant's Attorney