# EXHIBIT C

**ANSWER:**

PMI objects to this interrogatory because it seeks information subject to the attorney-client privilege and the work product doctrine. PMI also objects to this interrogatory because it seeks legal conclusions. PMI further objects to this interrogatory insofar as it seeks confidential information. Subject to and without waving the above general and specific objections, PMI states:

- <u>First Defense</u>: Myrick Tantiado was an at-will employee who could be terminated for any reason or no reason at all. Nevertheless, Myrick Tantiado's employment with PMI was terminated for poor performance. Moreover, PMI paid Myrick Tantiado everything he was owed under the applicable commission policy, PMI's expense reimbursement policy, and PMI's vacation policy.
- <u>Second Defense</u>: On information and belief, Myrick Tantiado was either nonresponsive or an obstacle to the return of the products for which the sales commission offset is the basis of his claim for unreimbursed expenses.
- <u>Third Defense</u>: Myrick Tantiado was an at-will employee who could be terminated for any reason or no reason at all.
- <u>Fifth Defense</u>: Myrick Tantiado did not fulfill the expectations of his position while an employee of PMI.

**INTERROGATORY NO. 3:**

Identify all reasons for the termination of Myrick Tantiado by Defendant.

**ANSWER:**

PMI objects to this interrogatory because it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above general and specific objections, PMI states that Myrick Tantiado's employment with PMI terminated because of his poor job performance.

documents in response to Document Request No. 20 from which information responsive to this interrogatory may be obtained.

**INTERROGATORY NO. 22:**

Please describe Defendant's policy regarding offsetting commissions upon return of a product.

**ANSWER:**

PMI objects to this interrogatory because it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above general and specific objections, PMI states that any sales commissions paid to its sales representatives are subject to offset if those same products are subsequently returned by customers.

**INTERROGATORY NO. 23:**

Please identify how Plaintiff was informed of Defendant's commission policy.

**ANSWER:**

PMI objects to this interrogatory because it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above general and specific objections, PMI states that Plaintiff was informed of PMI's commission policy in a letter from Rita Esposito to Myrick Tantiado dated July 1, 2004 offer letter; in a letter from Rita Esposito to Myrick Tantiado dated December 29, 2004; in PMI's 2006 Sales Compensation Plan, a copy of which was distributed to Myrick Tantiado; in a letter from Rita Esposito to Myrick Tantiado dated March 24, 2006; and in a letter from Rita Esposito to Myrick Tantiado dated March 29, 2006.

**INTERROGATORY NO. 24:**

Please identify how Plaintiff was informed of Defendant's policy regarding offsetting commissions upon return of a product.