STEPHEN HENRY (State Bar # 142336)
2625 Alcatraz Avenue, No. 615
Berkeley, CA 94705
Telephone: (510) 989-1883
Facsimile: (510) 295-2516
shenry@henrylaw.com

MARK L. MOSLEY (State Bar # 136449)
MOSCONE, EMBLIDGE & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 992-4342
Facsimile: (415) 362-2006
mmosley@meqlaw.com

Attorneys for Plaintiff MYRICK TANTIADO

UNITED STATES DISTRICT COURT

FOR THE NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRICK TANTIADO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>POWER MEDICAL INTERVENTIONS, a Pennsylvania corporation, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C 07-02874 CRB MED<br><br>**DECLARATION OF MYRICK TANTIADO IN OPPOSITION TO DEFENDANT POWER MEDICAL INTERVENTIONS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: September 5, 2008<br>Time: 10:00 a.m.<br>Judge: The Hon. Charles R. Breyer<br>Courtroom: 8<br><br>Original filing date: April 6, 2007<br>Removal date: June 1, 2007 |

I, MYRICK TANTIADO, declare and state as follows:

1. I am the plaintiff in this lawsuit and a resident of San Francisco, California. I have direct personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

2. I took a position as a Sales Representative with defendant Power Medical Interventions ("PMI") in or about July, 2004. PMI fired me on or about July 10, 2006.

3. Before PMI fired me, I had told Robert Chase on several occasions that I was becoming increasingly uncomfortable selling PMI's circular stapler system. I had explained to Mr. Chase that I and other PMI sales representatives had been receiving reports from numerous physicians that this product was harming patients. We had also been receiving reports from our fellow sales representatives and managers that particular defective "lots" (production runs) of this product were being placed on the market. We also knew that PMI was doing little or nothing to ensure that these defective products were not used on patients. This was common knowledge among the sales team and I had discussed this with Mr. Chase on several occasions, and there is absolutely no question he understood that this was the reason why I was no longer comfortable selling the product.

4. On the last weekend in June, 2006 – a little over one week before PMI fired me – I spoke with Mr. Chase at Moscone Center during the Annual Meeting of the American Society of Bariatric Surgeons. During that meeting I told Mr. Chase for the first time that I was no longer willing to sell the stapler product because I believed it was harming patients contrary to its intended purpose. During this conversation, Mr. Chase and I discussed the possibility that PMI might fire me as a result of my decision.

5. PMI fired me about one week after I had this conversation with Mr. Chase.

6. I am not a lawyer and I have never had legal training. At the time of my conversation with Mr. Chase, I did not know which specific laws governed the sale of PMI's stapler product. However, I did know that PMI was not supposed to sell defective products under FDA-related laws.

7. PMI never informed me in any manner, oral or written, that PMI had a policy to reduce out-of-pocket expense reimbursements as a result of product returns.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Declaration of Myrick Tantiado in Opposition to Defendant Power    2    CASE NO. C 07 - 02874 CRB MED
Medical Interventions, Inc.'s Motion for Partial Summary Judgment

Executed this 14th day of August at San Francisco, California.

_____
Myrick Tantiado