William I. Edlund, State Bar No. 25013
Alyson L. Huber, State Bar No. 202713
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152
wedlund@bztm.com
ahuber@bztm.com

Michael L. Rosen, *Admitted Pro Hac Vice*
John E. Duke, *Admitted Pro Hac Vice*
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
mrosen@foleyhoag.com
jduke@foleyhoag.com

Attorneys for Defendant Power Medical Interventions

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MYRICK TANTIADO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>POWER MEDICAL INTERVENTIONS, a Pennsylvania corporation, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C 07-02874 CRB<br><br>**DEFENDANT POWER MEDICAL INTERVENTIONS, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE SUPPORTING DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION**<br><br>Hearing Date: September 19, 2008<br>Time: 10:00 a.m.<br>Judge: Hon. Charles R. Breyer<br>Courtroom: 8 |

Defendant Power Medical Interventions, Inc. ("PMI") submits the following responses to

Plaintiff's objection to the evidence PMI submitted in support of its motion for partial summary

-1-

judgment. As set forth in more detail below, Plaintiff's objections are baseless, at best, and frivolous, at worse.

**Declaration of Michael Whitman:**

Plaintiff's objection that Michael Whitman's declaration was not timely filed is baseless. Nothing requires a declaration to be filed at the same time as the motion it supports. A quick perusal of Rule 56 of the Federal Rules of Civil Procedure shows that Plaintiff's objection must be overruled: "A party claiming relief may move **_with or without supporting affidavits_**, for summary judgment on all or part of the claim." Civil Local Rule 56-1 provides likewise. If the declaration is filed too close to the hearing for the opposing party to have a fair opportunity to respond, the Court may postpone the hearing. Plaintiff obviously had enough time to respond to Mr. Whitman's declaration because he already has.

Plaintiff's objection that Mr. Whitman's declaration is not based on personal knowledge borders on the frivolous. The first paragraph of Mr. Whitman's declaration states, "I have personal knowledge of the facts stated in this Declaration, and if called upon, could and would testify competently thereto."

As to Plaintiff's objection that Mr. Whitman's statement that Mr. Tantiado failed to meet the requirements for the job and was terminated in accordance with PMI's practices lacks foundation is absurd. Contrary to Plaintiff's assertion, Mr. Whitman was not required to provide the history of PMI's performance standards before he could testify that Plaintiff did not meet them. What is more, Mr. Whitman was not giving "opinion testimony," as Plaintiff would have it. Rather, Mr. Whitman was stating historical facts, namely, the reason Plaintiff's employment was terminated.

Plaintiff's final objection to Mr. Whitman's declaration -- that it lacks foundation as to who decided to terminate Plaintiff -- is wrong. Simply because Mr. Whitman's statement is not as detailed as Plaintiff would apparently prefer (although Plaintiff noticed Mr. Whitman's deposition but later decided not to take it) does not render the statement as lacking in foundation.

**Declaration of Rita Esposito**

Plaintiff's objections that Ms. Esposito's declaration is not based on personal knowledge borders on the frivolous. The first paragraph of Ms. Esposito's declaration states, "I have personal knowledge of the facts stated in this Declaration, and if called upon, could and would testify competently thereto."

Contrary to Plaintiff's objection, the underlying Exhibit is not hearsay because it is admissible as a business record under Fed. R. Evid. 803(6).

Nor is the Exhibit objectionable for being "redacted" because the relevant portion of the email chain is intact and has not been redacted.

**Declaration of Pat Steffan**

Plaintiff's objection that Ms. Steffan's declaration is not based on personal knowledge borders on the frivolous. The first paragraph of Ms. Steffan's declaration states, "I have personal knowledge of the facts stated in this Declaration, and if called upon, could and would testify competently thereto."

As to Plaintiff's objection that it lacks for opinion testimony, Ms. Steffan was not providing opinion testimony. Rather, she was stating as a fact what Plaintiff's sales numbers were. Simply because Ms. Steffan's statement is not as detailed as Plaintiff would apparently prefer (although Plaintiff noticed Ms. Steffan's deposition but later decided not to take it) does not render the statement as lacking a foundation.

**Declaration of John Duke**

Plaintiff's claim that the Exhibit referenced in paragraph 4 of Mr. Duke's declaration is incomplete is frivolous. Mr. Duke included in the Exhibit the interrogatory answers PMI relied upon in its motion for partial summary judgment, rather than bury the Court in every interrogatory answer regardless of whether PMI was relying on them or not.

Paragraph 6 of Mr. Duke's declaration is not hearsay. Paragraph 6 does not set forth any out of court statements by anyone other than Mr. Duke (the declarant) and thus fails to meet Fed. R. Evid. 801's definition of "hearsay."

As for Plaintiff's objection to the excerpts from the Deposition of Robert Chase, specifically page 50 lines 2-3, as lacking in foundation for opinion testimony, Mr. Chase was not stating an opinion. Rather, he was testifying to his knowledge of the effect of product returns on a sales representative's commission.

DATED: August 22, 2008

Respectfully submitted,

BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation

FOLEY HOAG LLP

By: _____
John E. Duke
Attorneys for Defendant
POWER MEDICAL INTERVENTIONS

1507.011/301045.1   DEFENDANT POWER MEDICAL INTERVENTIONS, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE SUPPORTING DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION