William I. Edlund, State Bar No. 25013
Alyson L. Huber, State Bar No. 202713
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152
wedlund@bztm.com
ahuber@bztm.com

Michael L. Rosen, *Admitted Pro Hac Vice*
John E. Duke, *Admitted Pro Hac Vice*
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
mrosen@foleyhoag.com
jduke@foleyhoag.com

Attorneys for Defendant Power Medical Interventions

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MYRICK TANTIADO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>POWER MEDICAL INTERVENTIONS, a Pennsylvania corporation, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C 07-02874 CRB<br><br>**DEFENDANT POWER MEDICAL INTERVENTIONS, INC.'S MOTION TO STRIKE "PLAINTIFF'S ACCEPTANCE OF DEFENDANT POWER MEDICAL INTERVENTIONS, INC.'S OFFER OF JUDGMENT ON COUNT II ONLY PURSUANT TO F.R.C.P. RULE 68"** |

Defendant Power Medical Interventions, Inc. ("PMI") hereby moves the Court to strike "Plaintiff's Acceptance of Defendant Power Medical Interventions, Inc.'s Offer of Judgment on Count II Only Pursuant to F.R.C.P. Rule 68." (Docket No. 41.) As set forth more fully below, Plaintiff "accepted" something PMI never offered.

## I. PLAINTIFF'S ACCEPTANCE WAS NOT VALID.

One of the most basic concepts in contract law is that an offeree can only accept the offer made by the offeror. See, e.g., 1 E. Allen Farnsworth, Farnsworth on Contracts § 3.13 (2d ed. 2001) ("The offeree's promise, embodied in the acceptance, must be identical with the offeror's promise, embodied in the offer."); Restatement (Second) of Contracts § 58 (1981) ("An acceptance must comply with the requirements of the offer as to the promise to be made or the performance to be rendered."); 1-3 Arthur L. Corbin, Corbin on Contracts § 3.28 (Joseph M. Perillo ed. 1993) ("A communicated offer creates a power to accept the offer that is made and only that offer. Any expression of assent that changes the terms of the offer in any material respect may be operative as a counter-offer; but it is not an acceptance and consummates no contract. An expression that purports to be an acceptance, but is so expressed as to be operative as an acceptance only on a condition that is not specified in the offer, is not an acceptance at all."). This is the so-called "mirror image" rule. The offeree cannot pick or choose which terms he or she likes and which ones he or she does not like. To create a binding agreement, the offeree has to accept the offer *in toto*, otherwise the offeree has not validly accepted the offer but has made a counter offer. That is exactly what happened here.

On August 8, 2008, defendant Power Medical Interventions, Inc. ("PMI") served an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure on plaintiff Myrick Tantiado ("Tantiado"). The Offer of Judgment stated, in relevant part:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Power Medical Interventions, Inc. ("PMI") hereby offers to allow judgment to be entered against it in the above-captioned case and in favor of Plaintiff Myrick Tantiado on Count II of Plaintiff's Complaint in the amount of $17,064.00 plus pre-judgment interest as the Court may determine and contingent on all claims against PMI in Count II of the Complaint being dismissed with prejudice by Plaintiff upon acceptance of this Offer of Judgment.

(Docket No. 23.) As written this lump sum payment covered everything for which Tantiado seeks damages in Count II of his Complaint -- liability, penalties, attorneys' fees, and costs.

On August 18, 2008, Tantiado purported to accept the Offer of Judgment, but his acceptance changed the terms of the deal:

> Plaintiff's acceptance of the offer on Count II, Violation of Labor Code Sections, does not include acceptance of the term "contingent on all claims against PMI on Count II of the Complaint being dismissed with prejudice by Plaintiff upon acceptance of this Offer of Judgment." ... Thus, by accepting this offer, plaintiff is not agreeing to dismiss or otherwise waive his right to collect his reasonable costs and attorneys' fees."

As a result, Tantiado's purported "acceptance" modifies the term of PMI's offer. Yet a "Plaintiff's acceptance [of an offer of judgment] must be unconditional, and a conditional acceptance will not suffice." 12 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 3005 (2d ed. 1987); see also Whitcher v. Town of Matthews, 136 F.R.D. 582 (D.C.N.C. 1991). Here, the offer has not been accepted as made. Tantiado's "acceptance" of PMI's Offer of Judgment is invalid and should be stricken.

## II. PMI'S CONTINGENCY WAS NOT INVALID AND, EVEN IF IT WAS, PLAINTIFF CANNOT ONLY ACCEPT THE VALID PORTIONS OF THE OFFER.

Apparently acknowledging the fundamental contract principle at issue, Tantiado tries to avoid it by relying on another contract doctrine: the doctrine of illegality. Under this doctrine, courts will refuse to enforce unlawful contract terms. See, e.g., Lewis & Queen v. N.M. Ball Sons, 48 Cal. 2d 141, 150 (1957) ("the courts generally will not enforce an illegal bargain or lend their assistance to a party who seeks compensation for an illegal act"). Tantiado tries to avail himself of this doctrine by claiming that the contingency in PMI's Offer of Judgment is "legally impermissible" (Docket No. 41, p. 2) and that he can therefore pull out his blue pencil and excise the contingency from the offer.

There are two problems with this position, one of which is procedural and the other of which is substantive. The first problem is that, assuming for the sake of argument that PMI's contingency is invalid, Tantiado cannot simply excise the invalid portion. Rather, the Offer of Judgment as a whole would be invalid. See, e.g., Bentley v. Bolger, 113 F.R.D. 111, 113-1144 (N.D. Ill. 1996) ("Having determined that the Defendant placed before the Plaintiff an invalid

-3-

Offer of Judgment, the Court next considers whether the Plaintiff may accept only that portion of the Offer which was valid. ... [T]he Court cannot countenance the Plaintiff's argument that she be allowed to accept those valid portions of the Offer which meet her approval. ... An Offer of Judgment is in the nature of an offer to contract for settlement, and the requirement that an acceptance mirror an offer is fundamental to the Law of Contract. The rule is well applied to Offers of Judgment. The Plaintiff's partial acceptance is no acceptance at all."). Thus, if Tantiado is right, there was still no valid acceptance of the Offer of Judgment since it was void *ab initio*.

The second problem is that PMI's contingency is not invalid. In Count II of his Complaint, Tantiado requests "[p]ursuant to Labor Code Section 218.5 ... that the Court award Plaintiff reasonable attorney's fees and costs incurred by Plaintiff in this action." (Compl. ¶ 25.) Since PMI's Offer of Judgment was contingent "on all claims against PMI in Count II being dismissed with prejudice," Tantiado crafted his acceptance to carve out one of the claims he asserts in Count II, namely, his claim for attorney's fees. What is more, even if the contingency sweeps broader to encompass claims that were not asserted in Count II but which could have been, PMI's contingency still would be valid under the principle that offers of judgment are nothing more than settlement agreements that provide at least in part for entry of judgment against one party. See Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. LEXIS 16043, at **72-73 (N.D. Tex. Aug. 5, 2005) (rejecting the contention that an Offer of Judgment cannot also be a settlement offer imposing conditions beyond the entry of judgment -- in that case, a general release.). Consequently, the mirror image rule once again renders Tantiado's acceptance invalid.

### III.   IF THE OFFER AND ACCEPTANCE ARE BOTH VALID, THERE IS NO AGREEMENT BECAUSE THERE WAS NO MEETING OF THE MINDS.

Even if the Court were inclined to think that both the offer and the acceptance were valid, there still would not be a valid agreement because there was no meeting of the minds. Stewart v. Professional Computer Centers, Inc., 148 F.3d 937 (8th Cir. 1998), is on point. In that case, the court held that there was no valid offer and acceptance under Rule 68 where the defendant believed that attorneys' fees were included in its lump sum offer of judgment while plaintiff

-4-

1507.011/301045.1   DEFENDANT POWER MEDICAL INTERVENTIONS, INC.'S MOTION TO STRIKE PLAINTIFF'S ACCEPTANCE OF DEFENDANT'S OFFER OF JUDGMENT ON COUNT II

interpreted the offer to permit her to seek fees in addition, because there was no manifestation of mutual assent. In that case, like here, the plaintiff requested fees and costs in each count of the complaint and, as a result, the offer could be read as including fees (since it was intended to settle the counts seeking attorneys' fees) or as not including fees (since fees were not specifically mentioned in the offer of judgment). Likewise, here, the Complaint requests attorney's fees in Count II itself. Accordingly, if there somehow was a valid offer and acceptance, there still is no valid agreement under Stewart.

## IV.   CONCLUSION

For the reasons set forth above, PMI respectfully requests this Court to strike "Plaintiff's Acceptance of Defendant Power Medical Interventions, Inc.'s Offer of Judgment on Count II Only Pursuant to F.R.C.P. Rule 68."

DATED: August 26, 2008

Respectfully submitted,

BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation

FOLEY HOAG LLP

By: _____
John E. Duke
Attorneys for Defendant
POWER MEDICAL INTERVENTIONS

1507.011/301045.1    DEFENDANT POWER MEDICAL INTERVENTIONS, INC.'S MOTION TO STRIKE
PLAINTIFF'S ACCEPTANCE OF DEFENDANT'S OFFER OF JUDGMENT ON COUNT II