William I. Edlund, State Bar No. 25013
Alyson L. Huber, State Bar No. 202713
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152
wedlund@bztm.com
ahuber@bztm.com

Michael L. Rosen, *Admitted Pro Hac Vice*
John E. Duke, *Admitted Pro Hac Vice*
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
mrosen@foleyhoag.com
jduke@foleyhoag.com

Attorneys for Defendant Power Medical Interventions, Inc.

BARTKOZANKEL Bartko·Zankel·Tarrant·Miller
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MYRICK TANTIADO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>POWER MEDICAL INTERVENTIONS, a Pennsylvania corporation, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C 07-02874 CRB<br><br>**DEFENDANT POWER MEDICAL INTERVENTIONS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE "PLAINTIFF'S ACCEPTANCE OF DEFENDANT POWER MEDICAL INTERVENTIONS, INC.'S OFFER OF JUDGMENT ON COUNT II ONLY PURSUANT TO F.R.C.P. RULE 68"** |

Plaintiff Myrick Tantiado's entire opposition to Defendant Power Medical Interventions, Inc.'s ("PMI") Motion to Strike is based on sleight of hand, but fortunately sleight of hand which is easily exposed.

First, PMI's offer is not "logically impossible" because it offers to have judgment entered against it on Count II while also requesting dismissal. In Count II of the Complaint, Tantiado makes four claims for recovery: (1) $4,464 in unreimbursed expenses, (2) $4,200 in unpaid accrued vacation pay, (3) $8,400 in statutory penalties, and (4) attorneys' fees pursuant to Cal. Lab. Code § 218.5. (Compl. ¶¶ 20, 24, 25.) In its offer of judgment, PMI offered Tantiado $17,064 (plus prejudgment interest), which is equal to the amount of the unreimbursed expenses, accrued vacation pay, and statutory penalties Tantiado requested. Accordingly, without the language that Tantiado claims is "logically impossible," Tantiado would still have the argument available that his claim for statutory attorneys' fees was not foreclosed by his acceptance of the offer of judgment. PMI thus put language in the offer to make it clear that if Tantiado accepted the offer, $17,064 would be all that he would receive; the remainder of his claims in Count II -- i.e., his claim for attorneys' fees -- would be dismissed.[1] The portion of the offer Tantiado believes is "logically impossible" does nothing more than point out to Tantiado that his claim for attorneys' fees (which he makes in Count II) would be resolved as well if he accepted the amount stipulated in the offer of judgment. As a result, Tantiado is not pointing out a "logical impossibility" so much as trying to excise out a critical part of the offer. The only logical impossibility here is that Tantiado could somehow have accepted the offer of judgment without also accepting the part that resolved his claim for attorneys' fees.

Second, PMI's offer is not ambiguous, as Tantiado would have this Court believe. If there could be any doubt about the matter, all Tantiado had to do is tally up the amount he requests in damages for Count II. Tantiado knew exactly what PMI had offered -- an amount equal to his

[1] The whole point of making the offer of judgment in the first place was to completely dispose of Count II of the Complaint in its entirety so that Count I of the Complaint -- for wrongful discharge in violation of public policy -- would be the only claim remaining in this case. Indeed, the purpose of offers of judgment in general is to "encourage complete settlement" of a claim, "not simply to resolve the issues of liability and remedies." *Radecki v. Amoco Oil Co.*, 858 F.2d 397 (8th Cir. 1988). In light of the continued existence of Count I and Rule 68's purpose of settling claims in their entirety, it would make no sense to dispose of part of Count II while leaving a small part of it -- Tantiado's claim for attorneys' fees -- for resolution later along with the completely different wrongful discharge claim.

BARTKOZANKEL
Bartko·Zankel·Tarrant·Miller
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

claims for unreimbursed expenses, unpaid accrued vacation pay, and statutory penalties -- and that his claim for attorneys' fees would be dismissed if he accepted the offer. Tantiado simply did not like the offer. But rather than reject it outright, he rewrote the offer in his "acceptance" so that it would be more to his liking. Under any standard, this does not lead to a valid acceptance of an offer of judgment.

Third, even if Tantiado claims there is some ambiguity, that does not mean that Tantiado is permitted to revise the offer as he sees fit. PMI has offered substantial monetary compensation to Tantiado in exchange for ***all*** of the claims he makes in Count II going away. One of the claims in Count II is a claim for attorneys' fees. A fair reading of the offer would lead to a single conclusion: Tantiado has merely created an unaccepted counteroffer under the guise of an accepted offer of judgment.

Finally, Tantiado's opposition is remarkably devoid of any law to support his position. While PMI points to such cases as *Stewart v. Professional Computer Centers, Inc.*, 148 F.3d 937 (8th Cir. 1998), and *Bentley v. Bolger*, 110 F.R.D. 108 (C.D. Ill. 1986), in support of its position that if Tantiado is right then there was no meeting of the minds and therefore no valid acceptance, Tantiado proclaims that *Stewart* is not the law in the Ninth Circuit without offering anything to back up his declaration. Instead, he elides the issue of whether there was a meeting of the minds in favor of the different issue of whether the offer of judgment is ambiguous. Tantiado takes the same approach during his discussion of *Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 1867292 (N.D. Tex. 2005), a case PMI cited in support of its position that a plaintiff is not entitled to pick and choose which provisions of an offer of judgment he or she will accept when a defendant makes an offer of judgment that also settles other claims. At bottom, the important point is that the cases are virtually unanimous that a plaintiff cannot change the terms of an offer of judgment, and, as Tantiado readily admits in his opposition, that is exactly what he did in his "acceptance." (*See* Plaintiff's Opposition to Motion to Strike, pp. 2 ("Mr. Tantiado's acceptance stated that he was not accepting this contingency"), 6 ("In his acceptance, Mr. Tantiado pointed out the impermissibility

BARTKOZANKEL
Bartko-Zankel-Tarrant-Miller
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

BARTKOZANKEL
Bartko·Zankel·Tarrant·Miller
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

and the logical impossibility of PMI's contingency and stated that his acceptance did not include the contingency"), 7 ("Mr. Tantiado's acceptance simply pointed out that he was not accepting the legally impermissible and logically impossible contingency contained in PMI's offer"). Tantiado has cited no case to contrary because there are no such cases.

DATED: September 16, 2008

Respectfully submitted,

BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation

FOLEY HOAG LLP

By: ______________________
John E. Duke
Attorneys for Defendant
POWER MEDICAL INTERVENTIONS